RENDERED:  NOVEMBER 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0966-MR

KENNETH LAMONT BOONE, JR.                                    APPELLANT

v.

ON REMAND FROM SUPREME COURT
(FILE NO. 2021-SC-0494-DG)

APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 16-CR-00383

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  After accepting discretionary review from the

Commonwealth, the Kentucky Supreme Court reversed the portion of our opinion

which reversed the Fayette Circuit Court's conviction of Kenneth Lamont Boone

for theft of identity and for being a persistent felony offender in the first degree

(PFO I) and remanded the case to us.  As our prior opinion had reversed Boone's

conviction for failure to instruct on a lesser included offense, we did not reach Boone's final argument regarding his sentencing, as it was moot. Now that the Kentucky Supreme Court has upheld his convictions, on remand we now consider whether Boone is entitled to palpable error relief for his PFO I sentence based on the Commonwealth having provided misleading information to the jury regarding his parole eligibility.

After a trial in November 2018, the jury found Boone guilty of theft of identity and being a PFO I. The jury recommended a one-year sentence, enhanced to ten years due to the PFO I conviction. This was the statutory minimum for his PFO I conviction. In May 2019, following his conditional guilty plea on a severed charge of possession of a controlled substance, the trial court sentenced Boone to a total of ten years' imprisonment. We affirmed the denial of Boone's motion to suppress on the possession charge, and this decision stands as Boone did not file his own motion for discretionary relief on that issue. Therefore, the only issue before us is the resolution of Boone's remaining argument as to his PFO I sentence.

Boone argues that he is entitled to relief due to the Commonwealth having provided misleading information regarding his parole eligibility. Specifically, during the penalty phase the Commonwealth introduced a document from the Department of Corrections setting forth parole eligibility, then orally

explained that Boone would be eligible for parole after serving fifteen percent of his sentence since he had been convicted of a Class D felony.

KRS 439.340(3)(a) provides that:

> A nonviolent offender convicted of a Class D felony with an aggregate sentence of one (1) to five (5) years who is confined to a state penal institution or county jail shall have his or her case reviewed by the Parole Board after serving fifteen percent (15%) or two (2) months of the original sentence, whichever is longer.

Therefore, the information provided by the Commonwealth was accurate as to the theft of identity conviction but was nonetheless potentially misleading because, by virtue of being a PFO I, Boone received a ten-year sentence, thereby taking him outside the scope of KRS 439.340(3)(a).

It is undisputed that Boone is ineligible for parole until he serves twenty percent of his sentence. *See* 501 Kentucky Administrative Regulations (KAR) 1:030 Section 3(1)(c). However, Boone's counsel failed to object so Boone is entitled to relief only if we conclude the parole information is a palpable error under Kentucky Rules of Criminal Procedure (RCr) 10.26. An error is palpable only if it "results in manifest injustice" and "there is a substantial possibility that, but for the error, the verdict would have been different[.]" *King v. Commonwealth*, 472 S.W.3d 523, 532 (Ky. 2015).

Boone relies upon unpublished opinions which deemed similar potentially misleading parole-eligibility information to be a palpable error. *See,*

*e.g.*, *McGregor v. Commonwealth*, No. 2012-SC-000245-MR, 2013 WL 4680444, at \*7 (Ky. Aug. 29, 2013) (unpublished).  However, in addition to *McGregor* and the other cases cited by Boone being unpublished, the facts here are materially distinguishable because Boone, unlike McGregor and other defendants, received the minimum sentence for his PFO I status.  *See* KRS 532.080(6)(b).  Thus, any misleading information regarding parole eligibility could not have resulted in manifest injustice because it could not have caused Boone to suffer *any* prejudice as the jury could not sentence him to a lower term of years than the statutorily mandated PFO I minimum.

We strongly caution the Commonwealth that it is improper to provide the jury with information as to parole eligibility and then mislead the jury by not clarifying how this eligibility will change based upon conviction for PFO I.  While we note that in another case such an error could be prejudicial, we discern no palpable error to Boone under these facts.

Accordingly, we affirm Boone's convictions and sentences by the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky